MacKNIGHT FLINTIC STONE CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   January 9, 1903.)

1. SUBCONTRACTOR—LIEN—PLEADING—IMPLIED CONTRACT.
    Where, in an action to enforce a subcontractor's lien, the only contract pleaded as a basis for a lien was the entire contract, a contention by plaintiff that, even if it had failed to perform the contract. it was still entitled to a lien for the value of material left on the premises and used by main contractor under an implied contract, to pay therefor, will not be considered.
    Patterson, J., dissenting.

Appeal from trial term, New York county.

Proceedings by the MacKnight Flintic Stone Company against the city of New York and another to foreclose a mechanic's lien. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.
Louis Marshall, for respondents.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien filed pursuant to the provisions of chapter 315 of the Laws of 1878 against the moneys due or to grow due under a contract made between one Peter J. Brennan and the city of New York, for the construction of Public School No. 109. The evidence in this case is the same as that in the case of MacKnight Flintic Stone Co. v. City of New York (decided herewith) 79 N. Y. Supp. 521, and upon the main issues the opinion in that case is controlling in this. A further question is, however, presented here. At the time the plaintiff abandoned the work on Public School No. 109, it had some material upon the ground, ready for use in the performance of its contract, which Brennan refused to permit it to remove, and a part of which he subsequently

used in the performance of his contract work with the city for the construction of the school. The appellant now contends that, in any event, it is entitled to a lien for the value of this material; that the material, although delivered on the premises for use in the performance of its contract with Brennan, belonged to it; that the use thereof by Brennan was wrongful, but that it was at liberty, notwithstanding, to waive the tort, and recover the value of the material on an implied contract to pay therefor. Whether the plaintiff could sustain a lien on this theory need not be determined. A sufficient answer to this contention on its part is that the only contract pleaded in the complaint as a basis for this lien is the contract, which was entire, and which the court, upon conflicting evidence, has determined that it failed to perform.

It follows, therefore, that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM and HATCH, JJ., concur. PATTERSON, J., dissents.